### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE MODESTO DIAZ ARGUETA<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>JOSE LISANDRO DIAZ CARRANZA<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>LUIS EDUARDO DIAZ ARGUETA<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>    Plaintiffs,<br><br>v.<br><br>KU-WASHINGTON CORPORATION<br>d/b/a SICHUAN PAVILION<br>1814 K Street NW<br>Washington, DC 20006<br><br>JIM KU<br>456 Hackberry Place<br>Gaithersburg, MD 20878<br><br>    Defendants. | Civil Action No. _____ |

## COMPLAINT

1. While Plaintiffs worked at Defendants' D.C. restaurant, Defendants paid Plaintiffs at hourly rates below the applicable minimum wage. Furthermore, Defendants did not pay Plaintiffs overtime wages for their overtime hours.

2. Plaintiffs bring this action against Ku-Washington Corporation and Jim Ku ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

### Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

### Parties

5. Plaintiff Jose Modesto Diaz Argueta is an adult resident of the District of Columbia.

6. Plaintiff Jose Lisandro Diaz Carranza is an adult resident of the District of Columbia.

7. Plaintiff Luis Eduardo Diaz Argueta is an adult resident of the District of Columbia.

8. Defendant Ku-Washington Corporation is a District of Columbia corporate entity. It does business as Sichuan Pavilion. Its principal place of business is located at 1814 K Street NW, Washington, DC 20006. Its registered agent for service of process is Xiaohui Yu, 555 Massachusetts Avenue NW, Apt. 911, Washington, DC 20001.

9. Defendant Jim Ku is an adult resident of Maryland. He resides at 456 Hackberry Place, Gaithersburg, MD 20878. He is an owner and officer of Defendant Ku-Washington Corporation. He exercises control over the operations of Ku-Washington Corporation — including its pay practices.

10.     Defendants own and operate the restaurant Sichuan Pavilion, located at 1814 K Street NW, Washington, DC 20006.

### Factual Allegations Specific to Plaintiff Modesto Diaz Argueta

11.     Plaintiff Modesto Diaz Argueta worked at Sichuan Pavilion from approximately 2003 through approximately March 13, 2020.

12.     Plaintiff Modesto Diaz Argueta worked at Sichuan Pavilion as a kitchen laborer.

13.     Plaintiff Modesto Diaz Argueta's job duties at Sichuan Pavilion primarily consisted of preparing and seasoning meats and vegetables, and cleaning his workstation.

14.     Prior to approximately January 1, 2018, Plaintiff Modesto Diaz Argueta typically and customarily worked approximately sixty-six hours per week.

15.     Starting on approximately January 1, 2018, Plaintiff Modesto Diaz Argueta typically and customarily worked approximately forty-five hours per week.

16.     At all relevant times, Defendants paid Plaintiff Modesto Diaz Argueta a biweekly salary.

17.     Defendants paid Plaintiff Modesto Diaz Argueta approximately the following biweekly salaries:

| Approximate Dates | Biweekly Salary | Effective Hourly Rate |
|---|---|---|
| Feb. 26, 2015–Oct. 31, 2015 | $925.00 | $7.01 |
| Nov. 01, 2015–Jun. 30, 2016 | $950.00 | $7.20 |
| Jul. 01, 2016–Mar. 31, 2017 | $1,000.00 | $7.58 |
| Apr. 01, 2017–Dec. 31, 2017 | $1,157.00 | $8.77 |
| Jan. 01, 2018–Mar. 13, 2020 | $1,207.00 | $13.41 |

18.     At all relevant times, Defendants paid Plaintiff Modesto Diaz Argueta in cash.

19.     At all relevant times, Plaintiff Modesto Diaz Argueta worked more than forty hours per workweek for Defendants.

20.     At all relevant times, Defendants paid Plaintiff Modesto Diaz Argueta the same effective hourly rate across all hours worked.

21. At all relevant times, Defendants did not pay Plaintiff Modesto Diaz Argueta overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

22. In addition to not paying overtime wages, Defendants did not always pay Plaintiff Modesto Diaz Argueta the applicable federal and D.C. minimum wage.

23. Defendants owe Plaintiff Modesto Diaz Argueta approximately $60,000.00 in minimum and overtime wages (excluding liquidated damages).

**Factual Allegations Specific to Plaintiff Diaz Carranza**

24. Plaintiff Diaz Carranza worked at Sichuan Pavilion from approximately March 5, 2017 through approximately March 16, 2020.

25. Plaintiff Diaz Carranza worked at Sichuan Pavilion as a kitchen laborer.

26. Plaintiff Diaz Carranza's job duties at Sichuan Pavilion primarily consisted of washing dishes, cooking rice, unloading the delivery truck, and cleaning the restaurant.

27. Plaintiff Diaz Carranza typically and customarily worked between forty-nine and fifty-three hours per week.

28. At all relevant times, Defendants paid Plaintiff Diaz Carranza by the hour.

29. Defendants paid Plaintiff Diaz Carranza approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
| --- | --- |
| Mar. 05, 2017–Jun. 19, 2017 | $12.00 |
| Jun. 20, 2017–Jun. 18, 2018 | $12.50 |
| Jun. 19, 2018–Jun. 17, 2019 | $13.25 |
| Jun. 18, 2019–Jul. 01, 2019 | $13.37 |
| Jul. 02, 2019–Mar. 16, 2020 | $14.00 |

30. At all relevant times, Defendants paid Plaintiff Diaz Carranza partly in cash and partly by check.

31. At all relevant times, Defendants paid Plaintiff Diaz Carranza by check for his first forty-six hours of work, and in cash for the remaining hours of work, every biweekly pay period.

32. At all relevant times, Plaintiff Diaz Carranza worked more than forty hours per workweek for Defendants.

33. At all relevant times, Defendants paid Plaintiff Diaz Carranza the same regular hourly rate across all hours worked.

34. At all relevant times, Defendants did not pay Plaintiff Diaz Carranza overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

35. Defendants owe Plaintiff Diaz Carranza approximately $11,650.00 in overtime wages (excluding liquidated damages).

### Factual Allegations Specific to Plaintiff Eduardo Diaz Argueta

36. Plaintiff Eduardo Diaz Argueta worked at Sichuan Pavilion from approximately August 1, 2017 through approximately March 16, 2020.

37. Plaintiff Eduardo Diaz Argueta worked at Sichuan Pavilion as a kitchen laborer.

38. Plaintiff Eduardo Diaz Argueta's job duties at Sichuan Pavilion primarily consisted of cutting and preparing meats and vegetables, and washing dishes.

39. Plaintiff Eduardo Diaz Argueta typically and customarily worked between forty-seven and forty-eight and a half hours per week.

40. At all relevant times, Defendants paid Plaintiff Eduardo Diaz Argueta a biweekly salary.

41. Defendants paid Plaintiff Diaz Argueta approximately the following biweekly salaries:

| Approximate Dates | Biweekly Salary | Effective Hourly Rate |
| --- | --- | --- |
| Aug. 01, 2017–Jul. 31, 2018 | $1,100.00 | $11.39 |
| Aug. 01, 2018–Jul. 31, 2019 | $1,243.00 | $13.22 |
| Aug. 01, 2019–Mar. 16, 2020 | $1,268.00 | $13.49 |

42. At all relevant times, Defendants paid Plaintiff Eduardo Diaz Argueta in cash.

43. At all relevant times, Plaintiff Eduardo Diaz Argueta worked more than forty hours per workweek for Defendants.

44. At all relevant times, Defendants paid Plaintiff Eduardo Diaz Argueta the same effective hourly rate across all hours worked.

45. At all relevant times, Defendants did not pay Plaintiff Eduardo Diaz Argueta overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

46. In addition to not paying overtime wages, Defendants did not pay Plaintiff Eduardo Diaz Argueta the applicable D.C. minimum wage.

47. Defendants owe Plaintiff Eduardo Diaz Argueta approximately $11,000.00 in minimum and overtime wages (excluding liquidated damages).

### Factual Allegations Common to All Plaintiffs

48. Defendant Jim Ku hired Plaintiffs.

49. Defendant Jim Ku set Plaintiffs' work schedules.

50. Defendant Jim Ku set Plaintiff's manner and rate of pay.

51. Defendant Jim Ku issued Plaintiffs their biweekly pay.

52. At all relevant times, Defendants had the power to hire and fire Plaintiffs.

53. At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

54. At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

55. At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

56. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular hourly rate for all hours worked in excess of forty hours in any one workweek.

57. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable minimum wage.

58. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to them.

59. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

60. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

61. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I

## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

62. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

63. Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

64. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

65. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

66. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

67. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs the required minimum wage.

68. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

69. Defendants' violations of the FLSA were willful.

70. For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

71. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

72. Each defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

73. The DCMWA required that employers pay non-exempt employees at least $9.50 per hour from July 1, 2014 through June 30, 2015, $10.50 per hour from July 1, 2015 through June 30, 2016, $11.50 per hour from July 1, 2016 through June 30, 2017, $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through June 30, 2020. D.C. Code § 32-1003(a).

74. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

75. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to one or more Plaintiffs.

76. Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

77. Defendants' violations of the DCMWA were willful.

78. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

79. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

80. Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

81. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

82. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

83. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

84. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages due, including minimum and overtime wages.

85. Defendants' violations of the DCWPCL were willful.

86. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$336,776.20** and grant the following relief:

    a.    Award Plaintiffs $330,600.00, consisting of the following overlapping elements:

        i.    unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

        iii.    unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b.    Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

  c. Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $5,774.20);

  d. Award Plaintiffs court costs (currently, $402.00); and

  e. Award any additional relief the Court deems just.

January 14, 2021                Respectfully submitted,

**DCWAGELAW**

By: /s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*